UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

JOHN HOANG CAO,

    Plaintiff,

v.

WARDEN MARQUEZ,

    Defendant.

No. 1:20-CV-080-H

## MEMORANDUM OPINION AND ORDER

Before the Court is a form petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by petitioner, John Hoang Cao, a federal prisoner confined at FCI-Big Spring, against respondent, Warden Marquez, the warden of FCI-Big Spring. Dkt. No. 1. Cao seeks relief under the "savings clause" of 28 U.S.C. § 2255, contending that his sentence was calculated from inaccurate information in his Presentence Investigation Report. Because Cao is not challenging the manner in which his sentence is being executed or the prison authorities' determination of its duration, and he cannot show that 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention, his petition must be dismissed for lack of jurisdiction.

### 1.     Factual and Procedural History

Cao pled guilty to Conspiracy to Possess with Intent to Distribute Methylenedioxymethamphetamine (MDMA) and Cocaine in violation of 21 U.S.C. §§ 841(b)(1)(A)(ii), 841(b)(1)(C), and 846, and Conspiracy to Launder Money in violation of 18 U.S.C. § 1956(h). The United States District Court for the Northern District of Florida sentenced Cao to 480- and 240-month concurrent terms of imprisonment. *See United States v. Cao*, No. 3:05-CR-099-1, Dkt. No. 342 (N.D. Fla. Feb. 3, 2006); *United States v. Cao*, No.

3:05-CR-101-1/LAC, Dkt. No. 44 (N.D. Fla. Feb. 3, 2006). Cao's conviction and sentence were confirmed on appeal, and the sentencing court has denied or dismissed multiple post-conviction relief motions. *See United States v. Hoang Cao*, No. 3:05CR99/LAC/EMT, 2019 WL 5978921, at *1 (N.D. Fla. Oct. 8, 2019) (summarizing history). In 2017, Cao's sentence was reduced from 480 to 292 months. *Id.* If Cao receives all projected good-time credit, he will be released from BOP custody on August 28, 2026.[1]

Cao now challenges his sentence pursuant to Section 2241 and Section 2255's savings clause based on the alleged recantation of a witness's testimony against him. An affidavit dated November 3, 2016, from the witness in question is appended to the petition. Dkt. No. 1 at 17. Cao alleges that his Presentence Investigation Report (PSR) contained false information which has impacted his incarceration time, his custody classification, and his good-time credit. Specifically, he claims that the PSR inaccurately reflects the drug quantities with which he was involved, improperly attributes him with a leadership role enhancement, and improperly omits a reduction for acceptance of responsibility. *Id.* at 5.

Respondent claims Cao's petition should be dismissed for lack of jurisdiction because a Section 2241 petition is not the proper vehicle for challenging the inclusion of allegedly incorrect information in a PSR. Dkt. No. 7 at 2–5. In his reply, Cao concedes that the Court lacks jurisdiction to resolve three of his requests. Dkt. No. 12 at 1 (referring to Dkt. No. 1 at 7, ¶¶ 1, 6, 7). But he requests that the Court liberally construe all remaining claims as challenging the BOP's execution of his sentence and calculation of his release date. *Id.* (referring to Dkt. No. 1 at 7, ¶¶ 2–5).

---

[1] *See* Bureau of Prisons, *Inmate Locator*, available at https://www.bop.gov/inmateloc/ (last visited Apr. 27, 2021).

## 2. The Court lacks jurisdiction because Cao's claims do not satisfy the requirements under Section 2241 or Section 2255's savings clause.

Cao seeks habeas corpus relief under 28 U.S.C. § 2241 based on allegations that his PSR contains false information. Section 2241, however, is not the proper vehicle for bringing such claims. Section 2241 petitions are generally used to challenge the manner in which a sentence is executed—for example, for attacking how the BOP calculates a release date when taking into account things like presentence time in custody. *See Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000); *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992). By contrast, 28 U.S.C. § 2255 provides the primary means by which a prisoner may collaterally attack a federal sentence and is the appropriate remedy for certain errors that occurred at, or prior to, sentencing. *Logan v. Warden Fed. Corr. Complex Beaumont*, 644 F. App'x 280, 280 (5th Cir. 2016) (citing *Padilla v. United States*, 416 F.3d 424, 425 (5th Cir. 2005)).

The Fifth Circuit has made clear that a Section 2241 petition is not the proper vehicle for challenging the inclusion of allegedly incorrect information in a PSR. *Pawlik v. Maiorana*, 687 F. App'x 421, 422 (5th Cir. 2017). In *Pawlik v. Maiorana*, the petitioner challenged the inclusion of allegedly incorrect information in his PSR, which had adversely affected his confinement by precluding him from incarceration in a minimum-security prison and from entry into a halfway-house program. *Id.* at 421. The Fifth Circuit rejected the petitioner's attempt to frame his argument as challenging the execution of his sentence because his challenge to the correctness of factual findings in his PSR was actually directed at an error that allegedly occurred at or before sentencing. *Id.* at 422; *see also Green v. Rivers*, 843 F. App'x 618, 619 (5th Cir. 2021) (holding that Section 2255, not Section 2241, is the proper vehicle to challenge alleged errors at sentencing).

The same is true here. Cao's claims are not cognizable under 28 U.S.C. § 2241 because he is attacking errors that allegedly occurred at or before sentencing—namely the inclusion of incorrect information in his PSR. Similar to the petitioner in *Pawlik*, here, Cao characterizes his claims as challenging the execution of his sentence and the BOP's calculation of his release date. Dkt. No. 12 at 1. But by contesting the correctness of factual findings in his PSR, he "actually attacks the manner in which his sentence was determined," which is improper under Section 2241. *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000).

A Section 2241 petition that challenges errors related to a petitioner's conviction or sentence should be dismissed or construed as a Section 2255 motion. *See Tolliver*, 211 F.3d at 877–78. This Court lacks jurisdiction to construe the instant petition as a Section 2255 motion, however, because the Eleventh Circuit has not granted petitioner authorization to file a successive 2255 motion.[2] *See Hooker v. Sivley*, 187 F.3d 680, 681–82 (5th Cir. 1999) (holding that the district court lacked jurisdiction to construe a Section 2241 petition as a Section 2255 motion because petitioner had not received prior authorization from the court of appeals to file a successive Section 2255 motion). Additionally, a Section 2255 motion must be filed in the Northern District of Florida, where Cao was sentenced. *See Benson v. Justice*, 511 F.3d 486, 487 (5th Cir. 2007) (finding that the district court did not have jurisdiction to construe a petition as a Section 2255 motion, where the prisoner was sentenced in a different district).

Despite the above authority, Cao could properly utilize Section 2241 if he could satisfy Section 2255's savings cause. While Section 2241 is generally used to challenge the

---

[2] *In re John Hoang Cao*, No. 19-12768-H, 2019 U.S. App. LEXIS 23906, at *2 (11th Cir. Aug. 9, 2019) (denying leave to file a second or successive Section 2255 motion).

4

execution of a prisoner's sentence, the Court may nevertheless consider Cao's petition challenging his sentence if he is able to show that Section 2255 is "inadequate or ineffective" to challenge his sentence:

> An application for a writ of habeas corpus in [sic] behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added); *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003) (citing *Reyes-Requena v. United States*, 243 F.3d 893, 900–01 (5th Cir. 2001)). Thus, when invoking the savings clause, the petitioner has the burden of proving that remedies under Section 2255 are "inadequate or ineffective to test the legality of his detention." *Reyes-Requena*, 243 F.3d at 901 (citing *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000)).

To show that a Section 2255 motion is either ineffective or inadequate to test the legality of his detention, Fifth Circuit precedent requires the petitioner to demonstrate that:

> (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition.

*Christopher*, 342 F.3d at 382 (5th Cir. 2003) (citing *Reyes-Requena*, 243 F.3d at 904 and *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001)); *but see Beras v. Johnson*, 978 F.3d 246, 257 (5th Cir. 2020) (Oldham, J., concurring) (calling for *Reyes-Requena* to be overruled); *Hammoud v. Ma'at*, 994 F.3d 734, 734 (5th Cir. 2021) (ordering rehearing en banc in a case that will examine *Reyes-Requena*'s reach). "Neither a prior unsuccessful § 2255 motion, as in this instance, nor an inability to meet the requirements for pursuing a successive § 2255

5

motion renders the § 2255 remedy unavailable." *Torres v. Young*, 457 F. App'x 427, 429 (5th Cir. 2012) (citing *Tolliver*, 211 F.3d at 878).

Petitioner neither asserts nor demonstrates that he can satisfy any of the requirements to pursue relief through the savings clause. Cao points to no retroactively applicable Supreme Court decision establishing that he was convicted of a nonexistent offense. He merely states that Section 2255 is inadequate based on the Privacy Act,[3] which is not the proper means by which a prisoner may collaterally attack his conviction or sentence. *Garza v. Pearson*, No. 5:08-CV-300-DCB-MTP, 2009 WL 2500116, at *2 (S.D. Miss. Aug. 13, 2009).

Nor does Cao in any way seek to establish that he is actually innocent of the charges against him. Instead, he asserts his conduct was insufficient to support his punishment being increased under the guidelines. A claim of actual innocence of certain drug quantities or a sentencing enhancement is not a claim of actual innocence of the crime of conviction. *See Houston v. Upton*, 460 F. App'x 419, 420 (5th Cir. 2012) (holding that a claim of actual innocence of a sentencing enhancement does not satisfy the savings clause); *McNeal v. Martin*, 424 F. App'x 322, 323 (5th Cir. 2011) (holding that the prisoner's claim of actual innocence of career-offender sentencing enhancement was not cognizable under Section 2241); *Gallegos v. Castaneda*, No. 1:16-CV-133-O, 2017 WL 4351079, at *2 (N.D. Tex. Sept. 29, 2017) (holding that a Section 2241 petition challenging imposition of the leadership role enhancement under USSG § 3B1.1 did not invoke the savings clause). Thus, because Cao's claims challenge only the validity of his sentence, he is unable to carry his burden of proving

---

[3] The Court notes that Cao cites 5 U.S.C. § 552(a)—the Freedom of Information Act—in reference to the Privacy Act, instead of 5 U.S.C. § 552a. *See* Dkt. No. 1 ¶¶ 10, 14.

that his Section 2241 petition falls under the savings clause of Section 2255(e). Consequently, Cao is not entitled to relief under the savings clause of Section 2255, and his petition must be dismissed for want of jurisdiction. *Christopher*, 342 F.3d at 379, 385; *Lang v. Wilson*, No. 4:16-CV-1018-O, 2018 WL 684890, at *3 (N.D. Tex. Feb. 1, 2018).

### 3. Cao is not entitled to relief under the Privacy Act.

Finally, insofar as Cao seeks injunctive relief under the Privacy Act of 5 U.S.C. § 522a, his claim is without merit. This is because prisoners are not entitled to injunctive relief to correct allegedly inaccurate information maintained in a PSR.[4] 5 U.S.C. § 552a(j)(2); 28 C.F.R. § 16.97; *Davis v. Quintana*, No. 1:06-CV-721, 2008 WL 2462981, at *1 (E.D. Tex. June 13, 2008), *aff'd*, 334 F. App'x 633 (5th Cir. 2009); *see also White v. U.S. Prob. Office*, 148 F.3d 1124, 1125 (D.C. Cir. 1998) (barring petitioner's claim for an amendment of his PSR). Thus, to the extent Cao's petition includes a claim under the Privacy Act, such claim is also dismissed.

### 4. Conclusion

The Court finds that petitioner's claims fail to meet the requirements of the savings clause under Section 2255, and his claims are not otherwise cognizable under Section 2241. It is therefore ordered that petitioner John Hoang Cao's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is dismissed for lack of subject-matter jurisdiction.

---

[4] Section 552a(j)(2) permits federal agencies to enact regulations exempting themselves from various provisions of the Privacy Act. Pursuant to 28 C.F.R. § 16.97, the Bureau of Prisons exempted its Central Record System, where pre-sentence reports are maintained, for the provisions of the Act. Another regulation expressly exempts presentence investigation reports that originated with the courts from the amendment provisions of the Privacy Act. *See* 28 C.F.R. § 16.46(f)(3).

7

So ordered on May 17, 2021.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE